BOOTH, Chief Judge.
This cause is before us on appeal from the judgment of the circuit court entered on a jury verdict in a personal injury action. Appellants were found to be 100 percent at fault in causing the injuries sustained by appellee when she drove her car into a drain cover on a culvert located in appellants’ parking lot. At trial, the primary issues on liability were appellee’s status on the premises (invitee or not) and the open and obvious nature of the drain cover as bearing on appellants’ duty and on ap-pellee’s own fault in causing the accident.
On the record before us, we find that the jury was entitled to find that appellee was an invitee at the time of the accident and that appellants had a duty to maintain the premises in a reasonably safe condition for her benefit and to warn of any hazards that were not open, and obvious. The record further reveals that the obstacle was visible, but there is conflict in the evidence, and in the inferences arising therefrom, as to whether appellee’s failure to see the drain cover was excusable due to distraction or to her view of it being temporarily blocked. There is also the question of whether appellants’ duty included consideration of such possible distractions on the part of invitees using the parking lot. These questions are for the jury under appropriate instructions from the judge.
The instructions given on the duty of the owner and on comparative fault were basically the standard instructions, although it appears that the key question here, the duty to the invitee as to open and obvious hazards, was not clearly addressed. The difficulty is that the instruction seems to state a different rule on duty to warn, depending on whether the person is an invitee or not.[1] Appellants’ requested in *766 struction on the duty owing to one found not to be an invitee was given by the court[2] and is the second paragraph of the instruction quoted in footnote one. No similar instruction referring to the invitee was requested, although counsel did object to the standard charge given as to duty owed to the invitee. The inconsistency in the language used as to the invitee/nonin-vitee was not pointed out to the court but is pointed out in appellants’ brief.[3]
On appeal, appellants contend that the trial court should have granted a directed verdict in their favor based on the visible nature of the cover; that a new trial is required because the jury failed to find any negligence on the part of the plaintiff, who admitted at trial that, although she did not see it at the time of the accident, the culvert was open to her observation before she hit it; and that there was error in failing to give appellee’s requested special verdict and jury instruction six.
We have heard oral argument and carefully considered the briefs and record in the case, but can find no reversible error on the issues raised. As previously indicated, there was evidence from which the jury could have found a breach of duty owing to appellee; and although a verdict apportioning some percentage of fault to appellee would have had evidentiary support in the record, we are unable to say, as a matter of law, that the jury verdict is contrary to law or against the manifest weight of the evidence in failing to assign appellee some degree of fault.
A jury’s failure to apply the law by not assigning some percentage of fault where fault is clearly present, can, of course, constitute reversible error. However, the appellate court cannot reweigh the evidence but must uphold the verdict and judgment where supported by any reasonable view of the evidence.
Thus, the jury in the instant case was entitled to find that the culvert and drain cover, located in an exit-way to the lot and in a gully or depression, was in need of repair and had been hit by other motorists driving in the lot; that the drain cover was propped up 14 inches above the surface of the parking lot on one side and was flush on the other; that on one opportunity for viewing the cover, appellee was distracted by traffic in crossing the street; and that in other instances, her view was obscured or was only from the low or flush side of the concrete lid.
As to the jury instruction and special verdict requested and made an issue on appeal, we find the trial court did not err in refusing those requests. These were cumulative of other instructions given, including appellants’ requested charge four as to the noninvitee and open and obvious hazards. We are bound to recognize the trial court’s discretion in these matters, and in the absence of a fair, clearly stated, and complete instruction being proffered, rejected, and not substantially covered by other charges, there is no reversible error.
Accordingly, the judgment below is affirmed.
SMITH and WENTWORTH, JJ., concur.

. Jury instruction:
If you find at the time and place of the incident that the Plaintiff was invited on the premises owned or in the possession of the Defendants, then the issue for your determination on the negligence claim of the Plaintiff against the Defendants is whether the Defendants negligently failed to maintain their parking lot at the Ambassador Building in a reasonably safe condition or negligently failed to correct a dangerous condition of which the Defendants either knew or should have known by the use of reasonable care; or negligently failed to warn the Plaintiff of a dangerous condition concerning which the Defendants had or should have had knowledge greater than that of the Plaintiff; and whether such negligence was the legal cause of loss, injury or damage sustained by the Plaintiff.
If you find at the time and place of the incident that the Plaintiff was not invited on *766 the premises owned by or in the possession of the Defendants, then the issue for your determination on the negligence claim of the Plaintiff against the Defendants is whether the Defendants negligently failed to warn the Plaintiff of a dangerous condition which was not open to ordinary observation.

. In instruction given, no distinction was made between trespasser and licensee, and that is not an issue on appeal.

. The law is that there is no duty to warn either the invitee or the licensee of an open and obvious danger or, stated another way, that the duty is to warn of latent or hidden dangers of which the premises owner has superior knowledge. There is no difference in the duty owed in this regard as to either invitee or licensee. 41 Fla. Jur.2d Premises Liability §§ 18 and 34 (1983).