PER CURIAM.
The plaintiffs appeal from an adverse final judgment and from the denial of several post-trial motions. We affirm finding no reversible error.
First, because there was conflicting evidence presented regarding the issue of vicarious liability, the trial court did not abuse its discretion by denying the plaintiffs’ motion for a directed verdict. Moisan v. Frank K. Kriz, Jr., M.D., P.A., 531 So.2d 398, 399 (Fla. 2d DCA 1988)(“In ruling on the motion [for directed verdict], the trial court may not weigh the evidence or assess a witness’s credibility and must deny the motion if evidence is conflicting or if different conclusions or inferences can be drawn from it.”); LR Ambassador Assocs., Ltd. v. Andrews, 492 So.2d 764 (Fla. 1st DCA 1986). Additionally, we find that the trial court acted wholly within its discretion when it permitted the presentation of the defense’s seatbelt expert’s testimony. Gershanik v. Department of Prof'l Regulation, Bd. of Med. Examiners, 458 So.2d 302, 305 (Fla. 3d DCA 1984)(“On appeal a trial court’s determination of the competency of expert testimony will not be disturbed absent a clear abuse of discretion.”), review denied, 462 So.2d 1106 (Fla.1985).
Accordingly, the final judgment is affirmed.