# Third District Court of Appeal
## State of Florida

Opinion filed February 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2297
Lower Tribunal No. 13-36250
_____

**Bath Club Entertainment, LLC,**
Appellant,

vs.

**The Residences at the Bath Club Maintenance Association, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Armstrong Teasdale LLP, and Glen H. Waldman and Marlon J. Weiss, for appellant.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Alan J. Kluger, Steve I. Silverman and Becky N. Saka; Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., and Eugene E. Stearns and Albert D. Lichy, for appellees.

Before EMAS, SCALES and MILLER, JJ.

SCALES, J.

Bath Club Entertainment, LLC appeals a November 23, 2021 supplemental final judgment awarding $415,362.50 in additional fees and costs to appellees, The Residences at the Bath Club Maintenance Association, Inc. and The Residences at the Bath Club Condominium Association, Inc. We affirm because appellant has not shown that the trial court abused its discretion.[1]

Pursuant to a 2013 arbitral award that construed both a 1999 operating agreement and a 2010 settlement agreement among the parties, appellant was obligated to provide outdoor food and beverage service and cabana services to Bath Club condominium owners and social club members. In 2017, appellees sought an order from the trial court to enforce compliance with the arbitral award; thereafter, on October 18, 2017, the trial court entered a sanctions order that both (i) determined appellant had the obligation to provide the services "in keeping with the standards appropriate to a world class resort or club facilities of a luxury condominium," and (ii) ordered appellant to pay a $1,000 per day fine for every day of non-compliance with its obligations.

---

[1] We review a trial court's award of attorney's fees and costs under an abuse of discretion standard. Global Xtreme, Inc. v. Advanced Aircraft Ctr., 122 So. 3d 487, 490 (Fla. 3d DCA 2013).

2

In 2018, appellees filed a motion to enforce compliance with this sanctions order. In December 2020, the trial court conducted an evidentiary hearing and determined that appellant was not in compliance with its obligations and awarded sanctions in the amount of $1,010,000 (1,010 days at $1,000 per day). This Court affirmed these monetary sanctions. Bath Club Entm't, LLC v. Residences at the Bath Club Maint. Ass'n, 348 So. 3d 16 (Fla. 3d DCA 2022). In a separate opinion, this Court also affirmed the trial court's March 8, 2021 attorney's fees and costs award in the amount of $398,141.91. Bath Club Entm't, LLC v. Residences at the Bath Club Maint. Ass'n, 345 So. 3d 1276 (Fla. 3d DCA 2022). The trial court's March 8, 2021 fee award, however, reserved jurisdiction to determine additional attorney's fees and costs associated with the preparation for and participation in the December 2020 hearing. The trial court conducted the hearing associated with these supplemental fees and costs on November 19, 2021. The trial court entered the resulting judgment four days later.

Appellant challenges the judgment on two principal grounds. We address each in turn. First, appellant challenges approximately $10,000 in attorney's fees awarded to appellees for their counsel's preparation and examination of an expert witness who testified at the December 2020 evidentiary hearing as to whether appellant's services met the required

3

standard of amenity. The trial court relied upon the testimony of this expert in concluding that appellant was not in compliance with its obligations. Plainly, the trial court did not abuse its discretion in awarding appellees their attorney's fees and costs associated with this witness, as the trial court has discretion to accredit the qualifications and the competency of testimony of an expert witness. See Mendez v. Lopez, 707 So. 2d 1194, 1195 (Fla. 3d DCA 1998). Indeed, in our recent decision in this matter, we relied on the testimony of this same witness to recognize competent, substantial evidence in support of the trial court's sanction. See Bath Club Entm't, 348 So. 3d at 20.

Second, appellant asserts that the amount of attorney's fees awarded for preparation of the order that resulted from the December 2020 hearing were excessive.[2] While it is true that the trial court determined this component of the fee award by reducing the appellees' billable hours by a flat twenty-five percent, this case is distinguishable from appellant's main case citation, Universal Property & Casualty Insurance Co. v. Deshpande, 314 So. 3d 416 (Fla. 3d DCA 2020). Unlike in Deshpande, where the trial court adopted without explanation a fee expert's blanket percentage

---

[2] The trial court reduced the billed hours for this task from forty to thirty hours. Neither our record nor the briefing is clear as to the precise amount of this component of the total awarded attorney's fees.

4

reduction in billed hours, the trial court below made a sufficient finding to support its reduction, for which we discern no abuse of discretion.[3]

Affirmed.

---

[3] In its reply brief, appellant argues, for the first time, that we should reverse the challenged judgment because the trial court failed to make specific, written findings consistent with <u>Florida Patient's Compensation Fund v. Rowe</u>, 472 So. 2d 1145, 1150 (Fla. 1985). We do not address this argument because it is well settled that if an appellant fails to raise an argument in its initial brief, that argument is deemed abandoned. <u>Gen. Mortg. Assoc., Inc. v. Campolo Realty & Mortg. Corp.</u>, 678 So. 2d 431, 431 (Fla. 3d DCA 1996).