PER CURIAM.
Appellant-plaintiff asserts error on the-part of the trial court in granting the defendant’s motion for summary judgment.
Appellant instituted this action against, appellee claiming that the appellee’s tortious-activity of maliciously interfering with appellant's business caused the appellant to-suffer great damage.
Appellant is in the general construction-business, and for a period of seven years the-appellee had supplied the surety bonds-necessary whenever appellant was awarded' a particular job. It is apparent from the record that in order to continue in appellant’s business it must have available a source of surety bid bonds and surety performance bonds.
During the period of time 1959-1960, some financial difficulty arose, and the ap-pellee refused to issue further bid or performance bonds. Appellant’s claim that ap-pellee was not satisfied with discontinuing business relationship, but induced other insurance companies to refuse to issue bid or performance bonds to appellants and committed other acts which destroyed appellant’s business.
The court denied appellee’s motion-to dismiss the complaint for failure to state a cause of action. This action on the part of the lower court necessarily results in the proposition that the acts alleged in appellant’s complaint, if true, constituted the tort of malicious interference with the plaintiff’s business.[1]
We must now pass to the ruling by the trial judge that there were no material issues of fact, and those undisputed facts entitled appellee to judgment. We can not agree with this conclusion.[2]
*27 Without belaboring the point, suffice it to say that our investigation of the record reveals material issues of fact capable of determination only by a jury.
In litigation of this nature, the crux of the case is whether malice, within the meaning of the law, existed. The presence of malice is generally a question of fact for a jury to resolve.[3]
Accordingly, the judgment appealed is reversed and remanded for proceedings consistent herewith.
Reversed and remanded.

. Dade Enterprises, Inc. v. Wometco Theaters, Inc., 119 Fla. 70, 160 So. 209; Chipley v. Atkinson, 23 Fla. 206, 1 So. 934; Franklin v. Brown, Fla.App.1964, 159 So.2d 893.

. Buck v. Hardy, Fla.App.1958, 106 So.2d 428.

. Restatement, Torts § 769 (1939).