341 So.2d 1061 (1977)
Charles McKINNEY, Appellant,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, et al., Appellees.
No. 76-665.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Rehearing Denied February 18, 1977.
*1062 Brumer, Moss, Cohen & Rodgers and Burt E. Redlus, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight and Fred R. Ober, Miami, for appellees.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Plaintiff, Charles McKinney, appeals an adverse partial final summary judgment on the issue of liability with respect to his claim of malicious prosecution.
On September 5 and again on October 8, 1974 McKinney was arrested by defendant Sgt. Ruth Cox. Two sets of criminal charges were filed against him and on October 31, 1974 and April 30, 1975 the charges were dismissed for lack of prosecution. McKinney filed a suit for false arrest and malicious prosecution against Sgt. Cox, her employer, Dade County, and its liability insurer, Appalachian Insurance Company of Providence. Following pretrial discovery, defendants moved for summary judgment on the issue of liability as to McKinney's claim of malicious prosecution. After hearing argument of counsel, the trial judge entered partial summary judgment for the defendants. McKinney appeals.
McKinney was taken into custody on October 8, 1974 pursuant to a capias and information filed by the state attorney for possession and sale of heroin. When a prosecuting attorney files an information against a defendant, he conclusively determines that the evidence is adequate to establish probable cause to put the defendant on trial. See State ex rel. Hardy v. Blount, 261 So.2d 172 (Fla. 1972) and cases cited therein. We, therefore, conclude the trial judge was eminently correct in entering summary judgment on the issue of liability on McKinney's claim of malicious prosecution with respect to the October 8 arrest.
Appellees candidly admit that the record does not support the entry of summary final judgment with regards to the prosecution resulting from the September 5, 1974 arrest and we reverse that portion of the summary judgment on McKinney's malicious prosecution claim arising out of the September 5 arrest.
Affirmed in part, reversed in part.