438 So.2d 1046 (1983)
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellant,
v.
Mack ROPER, Appellee.
No. 81-2208.
District Court of Appeal of Florida, Third District.
October 18, 1983.
Walton, Lantaff, Schroeder & Carson and Joan S. Buckley and George W. Chesrow, Miami, for appellant.
Adams, Ward, Hunter, Angones & Adams, Horton, Perse & Ginsberg and Arnold Ginsberg, Miami, for appellee.
*1047 Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal from a final judgment for the plaintiff entered upon a jury verdict in an action for malicious prosecution and intentional interference with a business relationship. We reverse the final judgment as to the malicious prosecution claim with directions to enter judgment for the defendant, as the claim herein is barred by res judicata. We reverse the final judgment as to the intentional interference with a business relationship claim and remand for a new trial based on an erroneous admission at trial of certain polygraph test evidence.

I
The plaintiff Mack Roper operated, through a defunct corporation, a janitorial service business in Dade County, Florida. He had a contract with the defendant Southern Bell Telephone & Telegraph Company to maintain two of Southern Bell's buildings in downtown Miami; Domingo Echemendia was employed by the plaintiff Roper to supervise the maintenance of these two buildings. In the course of his duties, Echemendia reported to Southern Bell security representatives that a Southern Bell employee was stealing Bell system floor finish and selling it to the plaintiff Roper. An investigation by the defendant Southern Bell ensued, during the course of which several of the plaintiff Roper's business clients were contacted by Southern Bell representatives. It is claimed that Southern Bell security representatives accused the plaintiff Roper of stealing Bell system floor finish, resulting in an asserted loss of business. This investigation also led to the filing of an information by the State Attorney for the Eleventh Judicial Circuit of Florida charging plaintiff Roper with theft of the subject floor finish. On May 19, 1976, Roper was tried on this charge and acquitted by a jury in the Circuit Court for the Eleventh Judicial Circuit of Florida.
The plaintiff Roper thereupon brought suit in the court below in November 1976 against the defendant Southern Bell for malicious prosecution. ("Roper I"). On May 24, 1977, the trial court entered a summary judgment for the defendant Southern Bell on the ground that the filing of the information in this case by the state attorney conclusively determined that there was probable cause to prosecute the plaintiff Roper, thereby barring the malicious prosecution action, based on the controlling authority of McKinney v. Dade County, 341 So.2d 1061 (Fla. 3d DCA 1977). No appeal was taken from this final judgment by the plaintiff Roper. Subsequently the Florida Supreme Court disapproved the McKinney decision and held that the filing of an information by a state attorney is not a conclusive finding of probable cause in the case and does not constitute an absolute bar to a malicious prosecution action. Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978).
On October 17, 1977, the plaintiff Roper filed a second lawsuit ("Roper II") in the court below against the defendant Southern Bell. This complaint, as subsequently amended, asserted causes of action for malicious prosecution, intentional interference with a business relationship, slander and conspiracy. The defendant Southern Bell filed an answer and subsequently moved for summary judgment inter alia as to the malicious prosecution claim based on res judicata grounds. Southern Bell contended that the malicious prosecution claim was, in essence, the same claim which had been brought and adjudicated in Southern Bell's favor in "Roper I." The trial court denied the motion for summary judgment.
After considerable procedural skirmishing, the case ultimately came to trial below. During the course of the trial, the plaintiff Roper called as a witness the assistant state attorney who had prosecuted the criminal case against the plaintiff Roper. Over timely defense objection, the assistant state attorney testified that he became suspicious of the credibility of the state's chief witness in the case [Domingo Echemendia], that he [the assistant state attorney] arranged for a polygraph examination of this witness by a *1048 respected private polygraph examiner in Miami, that the results of that examination were made known to him [the assistant state attorney] and to Southern Bell representatives, and that he [the assistant state attorney] subsequently recommended that the criminal charges against the plaintiff Roper be dropped but Southern Bell representatives refused to agree. The trial court denied a timely motion for mistrial based on this testimony.
The trial court at the close of all the evidence directed a verdict in Southern Bell's favor on the slander and conspiracy counts. The case was then submitted to the jury on the malicious prosecution and intentional interference with a business relationship counts. The jury found for the plaintiff Roper on both counts and awarded the following damages: (1) malicious prosecution count, $200,000 compensatory damages and $100,000 punitive damages; (2) interference with business relationship count, $280,000 compensatory damages and $50,000 punitive damages. The defendant Southern Bell appeals.

II
The defendant Southern Bell raises numerous points on appeal which we have carefully and painstakingly reviewed. We find merit in two of these points, but reject the balance as being insufficient under the law to upset the judgment appealed from.
First, we have no problem in concluding that the malicious prosecution claim below was, as urged, barred by res judicata. Without doubt, this same claim, in essence, was sued upon in the prior "Roper I" suit resulting in a summary judgment in Southern Bell's favor and from which no appeal was taken. The fact that the legal authority relied on by the trial court for the summary judgment in "Roper I" was subsequently disapproved by the Florida Supreme Court cannot change this result. Plymouth Citrus Products Co-Op v. Williamson, 71 So.2d 162 (Fla. 1954). Moreover, we are unpersuaded by the plaintiff Roper's argument that the documentary evidence adduced below did not establish a res judicata defense or that the causes of action here were not in substance the same. The trial court, then, committed reversible error in denying Southern Bell's motion for summary judgment as to the malicious prosecution count.
Second, we have no problem in reversing for a new trial on the remaining interference with a business relationship count. Plainly, evidence of a polygraph examination and, indirectly, the results thereof were placed before the jury for the purpose of showing that the defendant Southern Bell informed business customers of the plaintiff Roper as to theft allegations against Roper and continued the criminal prosecution against Roper, although it well knew that the chief witness in its investigation had, in effect, failed a polygraph examination. True, the precise results of the polygraph examination were not directly placed in evidence; nonetheless, it was obvious, given the context of the testimony below, that the chief witness herein had failed the polygraph test which was administered to him. The assistant state attorney testified, in effect, that after receipt of the polygraph test results, he recommended that the criminal charges against the plaintiff Roper be dropped, but Southern Bell representatives refused to agree. Such evidence was, without doubt, inadmissible at trial and devastatingly prejudicial to the defendant Southern Bell in this case. We have no alternative, under the established law, but to reverse and remand for a new trial based on this prejudicial error. Kaminski v. State, 63 So.2d 339 (Fla. 1953), cert. denied, 348 U.S. 832, 75 S.Ct. 55, 99 L.Ed. 656 (1954); Food Fair, Inc. v. Anderson, 382 So.2d 150 (Fla. 5th DCA 1980); Crawford v. State, 321 So.2d 559 (Fla. 4th DCA 1975); see Farmer v. City of Fort Lauderdale, 427 So.2d 187 (Fla. 1983).
The final judgment under review is reversed and the cause is remanded to the trial court with directions: (1) to enter a final summary judgment for the defendant Southern Bell Telephone & Telegraph Company as to the malicious prosecution count herein, and (2) to order a new trial as to the *1049 interference with a business relationship count.
Reversed and remanded.