BASKIN, Judge
(concurring in part, dis- ■ senting in part).
The majority is correct in its determination that section 832.07(l)(a), Florida Statutes (1979), affords Scientific Products immunity from liability for malicious prosecution on worthless check charges and I concur in the result.
I am unable to join in the remainder of the opinion, however, because in my view it conveys an incorrect statement of the present law. The majority’s comment that a defendant who leaves “the decision as to prosecution to the state attorney, ... is not liable for malicious prosecution. Florida East Coast Ry. v. Groves, 55 Fla. 436, 46 So. 294 (1908)” overlooks the qualification of more recent authority. The presumption of probable cause that formerly served as a complete defense to a malicious prosecution action, McKinney v. Dade County, 341 So.2d 1061 (Fla. 3d DCA 1977), was rejected in Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1977). Thus, the supreme court held, the filing of an information “merely constitutes evidence of reasonable grounds for the prosecution” and does not conclusively refute the existence of malice. Malice is not legally synonymous with the absence of probable cause. Colonial Stores. See also Kilburn v. Davenport, 286 So.2d 241 (Fla. 3d DCA 1973), cert. denied, 295 So.2d 301 (Fla.1974) (whether plaintiff instituted prosecution upon which action is based is question for the jury); Adler v. Segal, 108 So.2d 773 (Fla. 3d DCA), cert. denied, 113 So.2d 834 (Fla.1959) (question of whether there had been full and fair disclosure to prosecuting attorney is jury question).