482 So.2d 538 (1986)
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellant,
v.
Mack ROPER, Appellee.
Nos. 85-838, 85-1403.
District Court of Appeal of Florida, Third District.
February 4, 1986.
Walton, Lantaff, Schroeder & Carson and Joan S. Buckley and George S. Chesrow, Miami, for appellant.
Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch and Steve Hunter, Miami, for appellee.
Before BARKDULL, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Following this court's opinion found in Southern Bell Telephone and Telegraph Company v. Roper, 438 So.2d 1046 (Fla. 3d DCA 1983) the matter recurred in the trial court for purpose of a new trial on the count of tortious interference with a business relationship. The matter was submitted to the jury on verdict seeking compensatory and punitive damages. The jury *539 awarded $406,697.00 compensatory and $1.00 punitive. The appellant appeals only the compensatory award and urges that the trial court erred in denying its motion for new trial.
On appeal the appellant argues that the trial court permitted plaintiff to present evidence as to defendant's allegedly malicious conduct in its participation in the criminal prosecution throughout the retrial of this case. Plaintiff contends he needed this evidence to demonstrate that defendant was motivated by ill-will or malice in performing the acts alleged to have constituted an intentional interference with plaintiff's business relationships.[1]
The right to compensation for tortious injuries does not, generally, depend on the interference being inflicted purposely or with any culpable intention. There are certain classes of torts where intent, either actual or constructive, is a prerequisite for liability. This principle has been recognized by the Florida cases dealing with tortious interference with a business relationship. For example, in James Craggs Construction Co. v. USF&G, 167 So.2d 25 (Fla. 3d DCA 1964), this court stated the following:
"In litigation of this nature, the crux of the case is whether malice, within the meaning of the law, existed. The presence of malice is generally a question of fact for a jury to resolve."
This principle was recently confirmed by the Supreme Court in Tamiami Trail, Inc. v. J.C. Cotton, 463 So.2d 1126 (Fla. 1985) wherein the court stated at page 1128:
"It may well be that most such cases will involve proof that the defendant's motive was to secure a business advantage and thus that the interference was intentional. However, we see no logical reason why one who damages another in his business relationship should escape liability because his motive is malice rather than greed."
The Florida Supreme Court has adopted Standard Jury Instructions on intentional interference which specifically instruct the jury that spite or bad motive is an issue for their consideration.[2] The Florida Standard Jury Instructions on punitive damages as well, instruct the jury that an issue for their determination is whether the defendant acted with malice or reckless indifference, etc.[3] Absence of malice was a primary issue. The only way malice can be proved in the absence of direct evidence is by proving a series of acts which, in their context or in light of the totality of surrounding circumstances, are inconsistent with the premise of a reasonable man pursuing a lawful objective, but rather indicate a plan or course of conduct motivated by spite, ill-will, or other bad motive. See 29 Am.Jur.2d, Evidence, § 361.
Appellant's main complaint is that the trial court erred in the admission of evidence consisting of the testimony of the former prosecutor Mayes concerning his recommendation that Southern Bell abandon attempts to prosecute Roper. The evidence supports the jury's verdict that the actions of the defendant were done in spite or with ill-will, i.e., the refusal to agree to dismiss the case despite the recommendation of the state attorney, the refusal to enter into any sort of a negotiated settlement or restitution despite the pleas of Roper's attorney, and the defendant's failure to provide to the state attorney's office the evidence it had assembled of Roper's non-guilt.
It appearing that the complained-of evidence went directly to the issue of malice, which was an element of the claim for tortious interference with the business relationship and relevant to the claim for punitive damages, we find no error in the trial court's permitting this testimony and therefore affirm the judgment under review.
Affirmed.
NOTES
[1] Both plaintiff's counsel and the court made it quite clear that there was no claim for malicious prosecution and that there were no damages to be awarded for the same.
[2] Fla.Std.Jury Instr.(Civ.) MI 7.1, 7.2.
[3] Fla.Std.Jury. Instr.(Civ.) 6.12.