WARNER, J.
 

 The trial court awarded attorney’s fees pursuant to section 57.105, Florida Statutes, to the appellee for her defense in this defamation action, concluding that the plaintiff and his attorney had no evidence to support that the appellee acted with express malice when she made a police report accusing the plaintiff of stealing her jewels. We reverse, because the evidence in possession of the plaintiff presented a justiciable issue.
 

 Appellant Asinmaz is a jeweler who owned a store in Boca Raton. Semrau took her diamond ring to him to be repaired. When she returned to pick it up, she looked at the diamonds and accused Asinmaz of replacing her diamonds with cubic zirconias. Asinmaz vehemently denied the accusation. Undeterred, Semrau filed a police report accusing Asinmaz of replacing her diamonds with the artificial stones. When the police contacted her, she said she was sending the ring to the jeweler in Colorado who had made the ring for her. Several days later, she contacted the police to notify them that the diamonds in the ring were not swapped but were the original diamonds. In the meantime, however, a newspaper had published Semrau’s accusation, and as a result, Asinmaz lost all of his business and was forced to close his store.
 

 Asinmaz filed suit for defamation against Semrau and the newspaper. Eventually, Semrau moved for summary judgment and for attorney’s fees pursuant to section 57.105. Semrau filed an affidavit simply stating that she believed the allegations she made to the police to be true and that she did not act with any malicious intent towards Asinmaz. Asin-maz filed his own affidavit stating that Semrau had accused him “for no discerna-ble reason” of replacing the diamonds and could not be convinced otherwise. He also attached a copy of the police report. The trial court granted summary judgment in favor of Semrau and awarded her section 57.105 fees, concluding that there was no evidence of express malice, which was required in order to negate the qualified privilege set forth in
 
 Fridovich v. Fridovich,
 
 598 So.2d 65 (Fla.1992), regarding statements made to the police preliminary to the filing of a criminal charge. Asinmaz did not appeal the final summary judgment but appeals the award of attorney’s fees.
 

 An order of the trial court awarding section 57.105 attorney’s fees is reviewed under an abuse of discretion standard.
 
 See Yakavonis v. Dolphin Petroleum, Inc.,
 
 934 So.2d 615, 618 (Fla. 4th DCA 2006). “The [trial] court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law.”
 
 Wendy’s of N.E. Florida, Inc. v. Vandergriff,
 
 865 So.2d 520, 523 (Fla. 1st DCA 2003). The reviewing court must determine whether the trial court abused its discretion in finding no justiciable issues of fact or law.
 
 Yakavonis,
 
 934 So.2d at 618 (citing
 
 Fisher v. John Carter & Assocs., Inc.,
 
 864 So.2d 493, 497 (Fla. 4th DCA 2004),
 
 disapproved on other grounds, Saia Motor Freight Line, Inc. v. Reid,
 
 930 So.2d 598 (Fla.
 
 *958
 
 2006)). A case is “frivolous,” justifying the award of fees, when it can be said to be “completely without merit in law” or “contradicted by overwhelming evidence”.
 
 See Visoly v. Sec. Pac. Credit Corp.,
 
 768 So.2d 482, 491 (Fla. 3d DCA 2000).
 

 The trial court found that Semrau was entitled to a qualified privilege to report a crime to the police, and the appellant could not recover unless he showed that Semrau acted with express malice.
 
 See Fridovich,
 
 598 So.2d at 69. Because Semrau stated that she did not intend to injure the plaintiff and acted out of her belief in the truth of her statements, the court determined that Asinmaz did not have any evidence to show that she acted with express malice. Asinmaz and his attorney, however, contended that her report of a theft without any reasonable belief that a theft occurred could constitute express malice or at least raised a justiciable issue of fact.
 

 In
 
 Fridovich
 
 our supreme court held that “defamatory statements voluntarily made by private individuals to the police or the state’s attorney prior to the institution of criminal charges are presumptively qualifiedly privileged.”
 
 Id.
 
 The plaintiff may overcome the privilege by proving that the defendant made the defamatory statements with express malice, meaning “that the defendant’s primary motive in making the statements was the intent to injure the reputation of the plaintiff.”
 
 Id.
 
 The court cited to
 
 Nodar v. Galbreath,
 
 462 So.2d 808, 806 (Fla.1984).
 
 Nodar
 
 in turn cites to
 
 Loeb v. Geronemus,
 
 66 So.2d 241 (Fla.1953), and
 
 Montgomery v. Knox,
 
 23 Fla. 595, 3 So. 211 (1887).
 
 Loeb
 
 explains that the actual malice to overcome a qualified privilege cannot merely be inferred from the falsity of the defamatory statements. However, in discussing a jury instruction,
 
 Montgomery
 
 states that unreasonableness of a belief in the truth of a statement may be evidence of express malice.
 

 Other courts have agreed that proof of malice can include evidence of the unreasonableness of the defamer’s actions and statements. In
 
 McCurdy v. Collis,
 
 508 So.2d 380, 382 (Fla. 1st DCA 1987), the court explained:
 

 Proof of malice in fact involves production of evidence from which the jury could conclude that the challenged statement was motivated by ill will and the desire to harm. Such proof may be established indirectly, i.e., “by proving a series of acts which, in their context or in light of the totality of surrounding circumstances, are inconsistent with the premise of a reasonable man pursuing a lawful objective, but rather indicate a plan or course of conduct motivated by spite, ill-will, or other bad motive.”
 
 Southern Bell Telephone & Telegraph Company v. Roper,
 
 482 So.2d 538, 539 (Fla. 3d DCA 1986); 29 Am.Jur.2d Evidence, s. 361. Where the circumstances surrounding the statement are in dispute, the question of qualified privilege is a factual determination for resolution by the jury.
 
 See Hartley & Parker v. Copeland,
 
 51 So.2d 789 (Fla.1951);
 
 Schreidell v. Shoter,
 
 500 So.2d [228] at 231 [ (Fla. 3d DCA 1967) ];
 
 Southern Bell v. Roper,
 
 482 So.2d at 539.
 

 (Citations selectively omitted).
 

 Or, as the court explained in
 
 Brown v. Fawcett Publications, Inc.,
 
 196 So.2d 465, 473 (Fla. 2d DCA 1967), with reference to express malice sufficient to award punitive damages:
 

 If malice necessary to warrant exemplary damages had to be Express, such as T hate you’, or ‘I’m going to ruin your character even if I have to lie about you to do it’, it would reduce the law of punitive damages in libel actions to a
 
 *959
 
 farce and a mockery. People just don’t advertise their libels in advance.
 

 The evidence in this case available to Asinmaz and his attorney was Ms. Sem-rau’s completely unjustified accusation that Asinmaz switched the ring’s real diamonds for artificial stones. They had a vehement exchange over it at his shop. A day later, without any proof whatsoever of any such activity other than her completely unfounded belief, she reported it as a theft to the police. She then sent the ring to the Colorado jeweler who informed her that no such stone-switching had occurred. Only then did she tell the police that she was mistaken.
 

 Express malice may be inferred from the unreasonableness of her conduct in accusing Asinmaz of stealing her diamonds and then, without ever investigating something over which she had absolutely no expertise, filing a report with the police. At the time she filed the report accusing Asinmaz of theft, she was aware that she did not actually know whether her accusation was true, as she intended to send her ring to the original jeweler to ascertain whether the diamonds had been switched. We think that it can be a reasonable inference that she intended to harm Asinmaz by getting the police involved, perhaps because of their heated exchange the day before. Her later recantation becomes part of the totality of circumstances from which a jury may determine that she did not act with malice. Nevertheless, the court abused its discretion in completely discounting the unreasonableness of her initial accusation in evaluating whether a justiciable issue was present. A defamation based upon a completely unreasonable belief, which the party knows is without foundation, may be sufficient to infer an intent to harm. Because the case was not completely without merit or contradicted by overwhelming evidence, given the inference which may be raised from the unreasonable belief by Semrau in the truth of her claims, the trial court abused its discretion in concluding that the standard of section 57.105 was met.
 

 For the foregoing reasons, we reverse the award of attorney’s fees.
 

 GROSS, C.J., and FISHMAN, JANE D., Associate Judge, concur.