DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL E. KOWALLEK,**
Appellant,

v.

**LEE REHM, PORT ST. LUCIE POLICE DEPARTMENT, CITY OF PORT ST. LUCIE, FLORIDA POWER & LIGHT COMPANY** and **ASPLUNDH TREE EXPERT COMPANY,**
Appellees.

No. 4D15-288

[April 6, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 562014CA001633 (ON).

Daniel E. Kowallek, Port St. Lucie, pro se.

Cheryl Kempf, Juno Beach, for appellee Florida Power & Light Company.

Mitchell L. Lundeen of The Chartwell Law Offices, LLP, Miami, for appellee Asplundh Tree Expert Company.

PER CURIAM.

Daniel E. Kowallek appeals the trial court's order awarding attorney's fees to Florida Power & Light Company and Asplundh Tree Expert Company ("the appellees") as a section 57.105 sanction for filing a frivolous lawsuit. We determine there was an arguable basis in law and fact for the suit, and thus, reverse.

The original dispute giving rise to this proceeding involved whether FPL was legally permitted to cut down a group of acacia trees,[1] one growing on Kowallek's property, in accordance with an easement. In a final judgment ("the Final Judgment"), a trial judge ruled:

---

[1] Although commonly referred to as a tree, acacia is a multi-trunk shrub that grows 20 to 25 feet in height.

> [T]he tree in question that is the subject of this protracted litigation is on the utility easement *adjacent to [Kowallek]'s backyard.*  F.P.L. and it's [sic] agent Asplundh, have lawful access to this easement.  Likewise, they have the right, if not a duty, to *trim* the tree in question so that it will not interfere with the overhead power lines and interrupt the power supply.
>
> . . . .
>
> Therefore, the Court hereby orders the following.  [Kowallek] may, at his own cost, *remove all vegetation* from the subject easement which will [now] or . . . in the future interfere with F.P.L.'s wires over the subject easement within 30 days of the date of this order.  In the alternative, after 30 days if the vegetation is not removed, F.P.L. may *remove all vegetation* from the subject easement and not be liable for any damages to the Plaintiff for the reasonable removal of the vegetation.  Further, it is ordered that the Plaintiff shall be enjoined from interfering with F.P.L.'s right to *trim and/or remove vegetation* which may interfere with F.P.L.'s wires within the subject easement.

(emphasis added).  After thirty days passed and Kowallek failed to remove the tree, FPL, through Asplundh, removed the tree.  Kowallek then filed suit against the appellees, as well as the City of Port St. Lucie, the Port St. Lucie Police Department, and an individual officer who was on scene observing the tree removal.  Kowallek alleged the appellees did not comply with the Final Judgment as it regarded FPL's "utility easement *adjacent* to [Kowallek]'s backyard," as opposed to *in* Kowallek's backyard, where he claimed the removed tree was located.

Both FPL and Asplundh filed motions to dismiss and motions for attorney's fees pursuant to section 57.105, Florida Statutes (2014), arguing that the suit was frivolous as the issues raised in the complaint were previously adjudicated in the Final Judgment.  A hearing was held on the motions to dismiss, after which the trial court issued an order granting both motions, stating:

> In the prior litigation, the case was tried in front of the Honorable Judge Dan Vaughn on May 31, 2012, on Plaintiff's claim for compensatory damages due to the granting of summary judgment on injunctive relief claims.  The Court, in its Final Judgment noted---final judgment found that the

2

Plaintiff "has utterly failed to prove any damages in this case. None." Now the Plaintiff is back, seeking the same relief and damages that he failed to prove in the earlier lawsuit, and is clearly attempting to re-litigate the same issues which were adversely determined in the previous action.

A separate hearing was held to determine the amount of fees awardable. We decline to discuss the facts pertaining to that hearing as any subsequent issues on appeal are mooted by our determination that entitlement to fees was incorrectly decided by the trial court.

We review an order on a motion for attorney's fees pursuant to section 57.105 for an abuse of discretion. *Yakavonis v. Dolphin Petroleum, Inc.*, 934 So. 2d 615, 618 (Fla. 4th DCA 2006). "[I]n determining an award of fees under section 57.105, '[t]he [trial] court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law.'" *Blue Infiniti, LLC v. Wilson,* 170 So. 3d 136, 140 (Fla. 4th DCA 2015) (quoting *Asinmaz v. Semrau*, 42 So. 3d 955, 957 (Fla. 4th DCA 2010)).

Kowallek argued that the appellees did not act in accordance with the Final Judgment because it referred to a utility easement *adjacent* to his property, and the tree removed was *on* his property. According to the survey attached to Kowallek's complaint, there is a utility easement twelve feet wide, with Kowallek's property line in the middle. Thus, there was an arguable basis for Kowallek's contention that the Final Judgment addressed only the portion of the easement *outside* of (adjacent to) his property line.

Although our decision is not intended as an opinion on the strength of Kowallek's contention, it cannot be said that his allegations were "'completely without merit in law' or 'contradicted by overwhelming evidence.'" *Asinmaz*, 42 So. 3d at 958 (citation omitted). Therefore, it was error for the trial court to grant the appellees' motions for sanctions. Accordingly, we reverse the trial court's order.

*Reversed.*

Ciklin, C.J., Conner and Klingensmith, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3