# Third District Court of Appeal

## State of Florida

Opinion filed July 14, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0769
Lower Tribunal No. 13-34287
_____

## Hashem Sultan, M.D., et al.,
Appellants/Cross-Appellees,

vs.

## Walgreen Co., et al.,
Appellees/Cross-Appellants.

An appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

The Law Office of David H. Pollack, LLC and David H. Pollack; and Easley Appellate Practice, PLLC and Dorothy F. Easley, for appellants/cross-appellees.

Kula & Associates, P.A. and Elliot B. Kula, and W. Aaron Daniel, and William D. Mueller, for appellees/cross-appellants.

Before EMAS, HENDON, and MILLER, JJ.

MILLER, J.

In this defamation and negligence lawsuit, Dr. Hashem Sultan, a double board-certified anesthesiologist and pain management physician, challenges a final summary judgment rendered in favor of Walgreen Co. ("Walgreens") and its registered manager and pharmacist on the issue of punitive damages.[1]  Viewing the evidence in opposition to the motion for summary judgment de novo and in the light most favorable to Sultan, the non-moving party, see Williams v. Ryta Food Corp., 301 So. 3d 339, 341 (Fla. 3d DCA 2020), the pretrial discovery adduced in this case established, and a jury later found, the pharmacist embarked on an aggressive campaign to destroy Sultan's reputation within the medical community, along the way inculpating him in various criminal acts.  Further submissions of record supported the conclusion that Walgreens was aware of this course of conduct, as numerous clients raised the alarm, yet it failed to take any meaningful action.  Under these circumstances, the question of punitive damages presented a question for the jury.[2]  See Lawnwood Med. Ctr., Inc.

---

[1] A second plaintiff below, Kendall Pain Center, LLC, appeals on other grounds.  We affirm, without discussion, however, as to all other issues raised in the appeal and cross-appeal.

[2] After the trial court rendered final judgment in this case, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.510 to adopt a new summary judgment standard.  See In re Amends. to Fla. R. Civ. P. 1.510, 309 So. 3d 192, 194-95 (Fla. 2020) (adopting the federal summary judgment standard).  The revised standard, effective as of May 1, 2021, does not apply here as the final judgment predates amendment.  See Wilsonart,

2

v. Sadow, 43 So. 3d 710, 729 (Fla. 4th DCA 2010) ("[W]hen the claim is defamation per se, liability itself creates a conclusive legal presumption of loss or damage and is alone sufficient for the jury to consider punitive damages.") (citations omitted); S. Bell Tel. & Tel. Co. v. Roper, 482 So. 2d 538, 539 (Fla. 3d DCA 1986) ("[M]alice can be proved in the absence of direct evidence . . . by proving a series of acts which, in their context or in light of the totality of surrounding circumstances, are inconsistent with the premise of a reasonable man [or woman] pursuing a lawful objective, but rather indicate a plan or course of conduct motivated by spite, ill-will, or other bad motive.") (citation omitted); Perry v. Cosgrove, 464 So. 2d 664, 666 (Fla. 2d DCA 1985) ("Generally, a publication is libelous per se if, when considered alone without innuendo, it tends to subject a person to hatred, distrust, ridicule, contempt, or disgrace, or tends to injure [them] in [their] trade or profession, or if it imputes to another conduct, characteristics, or a condition incompatible with the proper exercise of [their] lawful business, trade, profession, or office.") (citations omitted); see also § 768.72(3), Fla.

LLC v. Lopez, 308 So. 3d 961, 964 (Fla. 2020) (stating the amendment to Florida Rule of Civil Procedure 1.510 is prospective); see also Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000) ("Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.") (citation omitted); Chirillo v. Granicz, 199 So. 3d 246, 249 (Fla. 2016) (reviewing de novo a trial court's granting of summary judgment).

3

Stat. ("In the case of an employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent . . . if . . . [t]he officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or . . . [t]he employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant."). Accordingly, we reverse the summary judgment entered on the issue of punitive damages and remand for trial upon that issue only.

Affirmed in part, reversed in part, and remanded.