PER CURIAM.
Alan Nathan appeals the trial court’s order dismissing with prejudice his complaint filed against appellees, Steve and Cheryl Floyd. We affirm because neither Nathan’s complaint nor the Floyds’ affidavits provided a basis for the trial court’s jurisdiction.
The Floyds’ affidavits conclusively demonstrate that they did not satisfy the Constitutional due process requirements for sufficient minimum contacts with this State. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989) (explaining that when a case involves nonresidents, the court must not only assure that the requirements of section 48.193, Florida Statutes, are satisfied, but also that the “minimum contacts” test of International Shoe has been fulfilled); see also Green v. USF & G Corp., 772 F.Supp. 1258 (S.D.Fla.1991). The subject real estate sale involves real property that is located in the state of Washington. The Floyds are residents of the state of Washington, and they have never visited Florida. Furthermore, Nathan’s affidavit did not create an issue of fact that necessitated an evi-dentiary hearing, given that the alleged tortious conduct occurred in the state of Washington. Because the affidavits did not satisfy the due process requirements for minimum contacts, we need not address the statutory requirements for long-arm jurisdiction.
Consequently, there is no basis for jurisdiction over the Floyds in Florida. The *1149 trial court therefore correctly dismissed Nathan’s complaint for lack of jurisdiction.
Affirmed.