998 So.2d 1178 (2008)
Alan NATHAN, Suzan Barros, Stuart Nathan, Robert Nathan, Edna Nathan, Roxanne Lane, Daniel Blanco, Gregory Ricci and Gordon Cone, Appellants,
v.
Maurice BATES, a/k/a Alvinie Maurice Bates, III, d/b/a Bates Enterprises and Gold by God, et al., Appellees.
No. 3D07-2684.
District Court of Appeal of Florida, Third District.
December 24, 2008.
Alan K. Marcus, for appellants.
Peter J. Yanowitch, Coral Gables; David D. Gordon and Richard Patrick, for appellees.
Before RAMIREZ, SHEPHERD, and SALTER, JJ.
Prior report: 998 So.2d 1148.

ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
Alan Nathan has moved for rehearing and clarification, not on the merits, but on our order granting the motion by appellees, Steve and Cheryl Floyd, for attorneys' fees pursuant to section 57.105, Florida Statutes (2008). We grant rehearing and deny the motion based on the Floyds' failure to comply with the procedural requirements of the statute.
The Floyds were sued on May 16, 2007, for their alleged involvement in a mortgage fraud scheme. On August 30, 2007, *1179 the Floyds' attorney sent a letter to Nathan's counsel threatening to seek attorneys' fees pursuant to section 57.105. Evidently, no motion for fees was ever filed before the trial court except in a motion to strike in which they had sought attorneys' fees and costs for bringing sham claims. The trial court never awarded any fees.
The Floyds served a motion for attorneys' fees pursuant to section 57.105, on May 16, 2008. They filed it with our Court on May 19, 2008. Section 57.105(4), Florida Statutes (2008) provides as follows:
A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.
Statutes authorizing award of attorney's fees in derogation of common law must be strictly construed. Kittel v. Kittel, 210 So.2d 1, 3 n. 7 (Fla.1968). The Floyds did not comply with the statute when they only waited three days after service before filing the motion. "The purpose of subsection (4) is to give a pleader a last clear chance to withdraw a frivolous claim." Davidson v. Ramirez, 970 So.2d 855, 856 (Fla. 3d DCA 2007).
The Floyds argue that the letter of August 30, 2007, placed Nathan on notice of their intent to seek fees. The statute, however, clearly provides for a motion, not a letter. The clear language of the statute refers to the service of a motion, followed by its filing twenty-one days later. It is not for us to substitute different language.
We therefore grant rehearing and vacate our prior order awarding attorneys' fees pursuant to section 57.105. Our ruling makes the motion for clarification moot.