SUAREZ, J.
 

 Anchor Towing, Inc., seeks to reverse the administrative final order awarding Sunshine Towing, Inc.’s attorney’s fees under section 57.105, Florida Statutes (2005). We find that Sunshine did not comply with the mandatory notice requirements of section 57.105 and, therefore, reverse and remand.
 

 This final chapter of the long and contentious dispute between these two parties arises out of Anchor and Sunshine’s competing bids to be awarded the Florida Department of Transportation’s contract to provide highway assistance service to disabled motorists on certain highways in Miami-Dade County. After two very lengthy administrative hearings and an appeal to this Court, the matter has now come down to this appeal of the administrative law judge’s award of section 57.105 attorney’s fees to Sunshine. The first and dispositive issue before this court is whether Sunshine properly complied with the mandatory notice requirements of that statute. We find it did not.
 

 Section 57.105(4), Florida Statutes (2005), provides: “A motion by a party seeking sanctions under this section
 
 *672
 
 must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.” The statute must be strictly construed as it awards attorney’s fees in derogation of the common law.
 
 Kittel v. Kittel,
 
 210 So.2d 1, 8 n. 7 (Fla.1968). On July 12, 2004, Sunshine’s attorney sent a detailed letter to Anchor’s attorney demanding that Anchor withdraw certain objections it had raised in Anchor’s bid protest and stated that if these objections were not withdrawn Sunshine would ñle a motion for fees under section 57.105. On November 29, 2004, the Department of Transportation entered the Final Order rejecting Anchor’s objections and awarding the contract to Sunshine. Sunshine then filed its Motion for Attorney’s Fees and Costs on December 8, 2004. After an evidentiary hearing the administrative law judge granted Sunshine’s motion for attorney’s fees finding that Sunshine’s July letter was sufficient to meet the mandatory notice requirement of section 57.105(4). The letter that Sunshine’s counsel sent to Anchor’s counsel threatening to seek attorney’s fees does not meet the mandatory notice requirements of section 57.105(4). The letter sent to opposing counsel is not the same as the statutorily required motion, which is required to be served on opposing counsel and later filed with the court.
 
 Nathan v. Bates,
 
 998 So.2d 1178, 1179 (Fla. 3d DCA 2008) (“The statute ... clearly provides for a motion, not a letter.”). Filing the motion with the court after the proceedings concluded also does not comply with the statute, as Anchor did not then have the statutorily required twenty-one days in which to withdraw the objected to claims.
 
 O’Daniel v. Bd. of Comm’rs,
 
 916 So.2d 40 (Fla. 3d DCA 2005) (striking attorney’s fees under section 57.105(4) where the defendant waited until the case was over to file its fee motion). Therefore, we reverse with directions that the administrative law judge vacate the order awarding attorney’s fees to Sunshine.
 

 Reversed and remanded with directions.