KLINGENSMITH, MARK W., Associate Judge.
The appellant, Larry Wapnick, appeals from an order requiring him to pay attorneys’ fees incurred by the appellees Veterans Council of Indian River County, Inc. (“Veterans Council”), John Michael Matthews, and Paul Teresi as a sanction pursuant to section 57.105, Florida Statutes (2008). The trial court held that all the appellees were entitled to recover their attorney’s fees from the inception of the claim to the date of the order awarding entitlement. For the reasons set forth herein, we reverse the trial court’s order imposing fees against Wapnick.
Wapnick was the president of the Veterans Council in 2006 through September 2007. As president, he was responsible for the budget as well as the overall management of the Veterans Council. During his term, he appointed Matthews to a committee formed for the purpose of performing an internal audit of the financial records of the organization. This audit revealed concerns about various matters, including expense reimbursements given to Wapnick. Two subsequent audits were then conducted (including one headed by Teresi), and both concluded that Wapnick had not stolen any money from the Veterans Council. However, acrimony between Wapnick and various members of the Council continued to the point where Teresi called Wapnick a “crook” during a Council meeting. After Wapnick’s term as president concluded, his successor provided information to the Vero Beach Police Department for the purpose of investigating possible criminal charges against Wapnick. Although no criminal charges were ever filed, the allegations against him were published in a local newspaper.
Subsequently, Wapnick sued Veterans Council, Matthews, and Teresi, claiming defamation and invasion of privacy — false *624 light. Each defendant served and filed motions requesting attorney’s fees under section 57.105. The trial court dismissed the false light claim, and granted leave to amend the defamation count. Wapnick amended the complaint, reasserting the defamation count and adding claims for negligence. He also obtained substitute counsel during the pendency of the litigation, yet continued to pursue his previously filed claims through his new attorney.
Ultimately, the trial court partially granted each defendant’s motions for partial summary judgment, ruling that Wap-nick was a “limited public figure” in his position as president of the Veterans Council. However, the court also ruled that genuine issues of material fact existed on the issue of whether the various statements made to the Vero Beach Police Department and uttered during the course of the Veterans Council meetings were privileged. Thereafter, defendants renewed their motions for attorney’s fees under section 57.105. Wapnick then dropped his negligence claim against the Veterans Council, and eventually filed a voluntary dismissal as to all defendants on all claims.
The trial court granted the claims for attorney’s fees under section 57.105 filed by the Veterans Council, Matthews, and Teresi, finding that both Wapnick and his attorneys knew or should have known that their claims were not supported by material facts necessary to establish any claim for defamation, and that the facts of the case did not support a cause of action under any existing Florida law under any theory of liability advanced by them. This appeal ensued.
Wapnick argues that the defendants failed to meet their burden of proving entitlement to attorney’s fees under the statute based on competent, substantial evidence. In support, he claims that he offered sufficient evidence to show that his claim was not so lacking in merit as to entitle the defendants to attorney’s fees pursuant to section 57.105. We agree.
We review a trial court’s order awarding section 57.105 attorney’s fees for an abuse of discretion. Asinmaz v. Semrau, 42 So.3d 955, 957 (Fla. 4th DCA 2010). “The [trial] court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law.” Id. (quoting Wendy’s of N.E. Fla., Inc. v. Vandergriff, 865 So.2d 520, 523 (Fla. 1st DCA 2003)); § 57.105, Fla. Stat. (2008). To award fees under the statute, “the trial court must find that the action was ‘frivolous or so devoid of merit both on the facts and the law as to be completely untenable.” ‘Chue v. Lehman, 21 So.3d 890, 891-92 (Fla. 4th DCA 2009) (quoting Murphy v. WISU Props., Ltd., 895 So.2d 1088, 1093-94 (Fla. 3d DCA 2004)). Moreover, that finding “must be based upon substantial competent evidence presented to the court at the hearing on attorney’s fees or otherwise before the court and in the trial court record.” Yakavonis v. Dolphin Petroleum, Inc., 934 So.2d 615, 618 (Fla. 4th DCA 2006) (quoting Weatherby Assocs., Inc. v. Ballade, 783 So.2d 1138, 1141 (Fla. 4th DCA 2001)). In reviewing this issue, we must determine whether the trial court abused its discretion in finding no justicia-ble issues of fact or law. Id. (citation omitted).
Here, the trial court found that Wapnick was a limited public figure for the purposes of deciding his defamation claims, and granted partial summary judgment on that issue. However, the court also denied portions of defendants’ motions for summary judgment in finding that genuine issues of material fact existed on whether a privilege attached to certain communication with third parties, thereby *625 shielding them from liability for such statements.
The fact that Wapnick was ultimately unable to sustain his claims under the burden of proof required for a limited public figure does not mean these claims were totally devoid of merit. The assertion that Teresi called Wapnick a “crook” during a Veterans Council meeting was undisputed. Under certain circumstances, accusations imputing upon someone criminal conduct or other conduct incompatible with the proper exercise of that person’s lawful business can be defamatory. See Wolfson v. Kirk, 273 So.2d 774, 777-78 (Fla. 4th DCA 1973); Palm Beach Newspapers, Inc. v. Early, 334 So.2d 50, 52 (Fla. 4th DCA 1976); Cape Publ’ns, Inc. v. Adams, 336 So.2d 1197, 1200 (Fla. 4th DCA 1976). There is no evidence in the record that Wapnick knew or should have known that he was a limited public figure at any time prior to the trial court’s ruling. Additionally, the fact that certain alleged defamatory statements were made with the actual knowledge that the audits concluded no thefts had occurred presented at least a colorable claim of malice which, if supported by the evidence, may have been sufficient to overcome any limited privilege that applied. Thus, a justiciable issue existed and the trial court abused its discretion in finding that the standard of section 57.105 was met.
For these reasons, we reverse the trial court’s sanctions entered against appellant Wapnick awarding fees and costs in favor of the appellees under section 57.105.

Reversed and Remanded.

TAYLOR and LEVINE, JJ., concur.