LAGOA, J.
Global Xtreme, Inc. (“Global”) appeals from an order awarding attorney’s fees to Advanced Aircraft Center, Inc. (“Advanced”) pursuant to sections 57.105 and 713.29, Florida Statutes (2010). For the following reasons, we reverse.
I. FACTUAL AND PROCEDURAL HISTORY
Global entered into an oral contract with Advanced, the operator of an aircraft storage and repair center, to repair an aircraft owned by Global. A dispute arose concerning the amount Global owed for the repairs, and Advanced filed a mechanic’s lien on the aircraft pursuant to sections 329.51 and 713.58, Florida Statutes (2010). Subsequently, on June 29, 2010, Global brought suit against Advanced, seeking a writ of replevin and damages for breach of contract.
On July 21, 2010, Advanced sent Global a letter (the “July 21 letter”), stating that Global should “consider this your twenty-one (21) day notice pursuant to Florida Statute Section 57.105(4) to withdraw your complaint against Defendant.” The July 21 letter does not reference a motion or state that it contains any attachment or enclosure.
On August 12, 2010, Advanced served Global with a motion for attorney’s fees under section 57.105 (the “57.105 Motion”), asserting that it was entitled to attorney’s fees under section 57.105(4) because twenty-one days earlier, on July 21, 2010, it “demanded ... that Plaintiff withdraw their Complaint” and that Global failed to do so. In the certificate of service, the 57.105 Motion states:

Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on 12 day of August, 2010, to Guy Spiegelman, Esq., 19 West Flagler Street, Suite 912, Miami, FL 33130, and the original shall not be filed with the court until 21 days.
(emphasis added). Advanced filed the 57.105 Motion with the trial court four days later, on August 16, 2010.
Subsequently, Advanced filed a counterclaim. Among other things, it sought to foreclose its mechanic’s lien. In its mechanic’s lien count, Advanced alleged that it was entitled to recover attorney’s fees pursuant to section 713.29, Florida Statutes (2010).
The matter proceeded to trial, and Advanced obtained a judgment in its favor. Advanced then filed a motion for attorney’s fees and costs pursuant to section 57.105(4). In the motion, Advanced asserted that it complied with the twenty-one day notice provision of section 57.105(4). In support of its argument, Advanced relied upon two documents: (1) the July 21 letter; and (2) the 57.105 Motion, which was served on Global on August 12 and filed with the trial court on August 16. Advanced also claimed that Global “was put on ample notice of their meritless position ... through the [July 21] demand letter....”
Global responded that it was never served with the 57.105 Motion pursuant to the notice provision of section 57.105(4), and that Advanced’s reliance on the July 21 letter to satisfy the requirements of the statute was misplaced. At a hearing, the *490 attorneys disputed whether the 57.105 Motion had been sent with the July 21 letter. The attorney for Advanced argued that the 57.105Motion had indeed been sent with the July 21 letter, while the attorney for Global claimed that he received only the letter, with no accompanying 57.105 Motion.
Based on the attorneys’ unsworn statements alone, the trial court determined that the 57.105 Motion had been sent with the July 21 letter, and that Advanced was entitled to attorney’s fees under both sections 57.105 and 713.29. The trial court subsequently entered an order awarding Advanced attorney’s fees in the amount of $30,141.00. On appeal, Global argues that the trial court erred in awarding fees under either statute.
II. STANDARD OF REVIEW
The standard of review for an award of attorney’s fees, whether based on contract or statute, is abuse of discretion. Universal Beverages Holdings, Inc. v. Merkin, 902 So.2d 288, 290 (Fla. 3d DCA 2005). When the issue is the entitlement to fees based' on the interpretation of a statute, however, the standard of review is de novo. Hinkley v. Gould, Cooksey, Fennell, O’Neill, Marine, Carter & Hafner, P.A., 971 So.2d 955, 956 (Fla. 5th DCA 2007); Allstate Ins. Co. v. Regar, 942 So.2d 969, 971 (Fla. 2d DCA 2006).
III. ANALYSIS
A. Section 57.105
Section 57.105(4) provides: “A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.” This Court has repeatedly stated that the statute is in derogation of common law and must be strictly construed. See Anchor Towing, Inc. v. Fla. Dep’t of Transp., 10 So.3d 670 (Fla. 3d DCA 2009); Nathan v. Bates, 998 So.2d 1178 (Fla. 3d DCA 2008).
In order to comply with section 57.105, a party must first serve a motion seeking fees, “followed by its filing twenty-one days later.” Nathan, 998 So.2d at 1179. This is commonly known as the safe harbor provision, see Bionetics Corp. v. Kenniasty, 69 So.3d 943 (Fla.2011), and “give[s] a pleader a last clear chance to withdraw a frivolous claim.” Davidson v. Ramirez, 970 So.2d 855, 856 (Fla. 3d DCA 2007). A letter, as this Court has previously stated, does “not meet the mandatory notice requirements of section 57.105(4).” Anchor, 10 So.3d at 672; see also Nathan, 998 So.2d at 1179 (“The statute, however, clearly provides for a motion, not a letter.”).
Here, no record evidence exists to support the trial court’s finding that Advanced complied with the notice requirements of section 57.105(4). Instead, the record shows that Advanced intended the July 21 letter to serve as the “twenty-one (21) day notice” required by section 57.105(4). The July 21 letter, however, does not attach or reference any proposed 57.105 motion for attorney’s fees, and thus cannot meet the requirements of section 57.105. Even more persuasive, the 57.105 Motion’s certificate of service states that it was served by mail on Global on August 12, and that the original “shall not be filed with the court until 21 days.” In short, there is nothing in the record to support Advanced’s argument that it sent Global the 57.105Motion along with the July 21 letter. Rather, the record is clear that Advanced served Global with the 57.105 Motion on August 12, and then filed the 57.105Motion with the trial court four *491 days later, on August 16, in contravention of the mandatory twenty-one-day notice provision of section 57.105(4).
Lastly, in light of the absence of an evidentiary hearing or the presentation of sworn testimony on the issue, we conclude that the trial court was without the discretion to find that Advanced sent the 57.105 Motion with the July 21 letter. Indeed, “unsworn representations by counsel about factual matters do not have any evidentia-ry weight in the absence of a stipulation.” Daughtrey v. Daughtrey, 944 So.2d 1145, 1148 (Fla. 2d DCA 2006); see State v. Bauman, 425 So.2d 82, 35 n. 3 (Fla. 4th DCA 1982) (“We say again that facts are not established for consideration by the trial court or by appellate review when attorneys make representations in their arguments before the trial court. Facts are established by testimony, affidavits and stipulations.”); accord Craig v. Craig, 982 So.2d 724 (Fla. 1st DCA 2008); Lazcar Int’l, Inc. v. Caraballo, 957 So.2d 1191 (Fla. 3d DCA 2007); Polygram Latino U.S. v. Torres, 751 So.2d 90 (Fla. 3d DCA 1999). Because no record evidence establishes that Advanced complied with section 57.105(4), we find that the trial court abused its discretion in awarding fees pursuant to section 57.105.
B. Section 713.29
Alternatively, Advanced argues that the trial court’s order can be sustained as an award made pursuant to section 713.29. This argument is without merit.
Section 713.29 is contained in Part I, Chapter 713, “Construction Liens.” Section 713.29 provides:
Attorney’s fees
In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party’s costs, as allowed in equitable actions.
(emphasis added).
Advanced sought attorney’s fees under section 713.29 for a lien it filed pursuant to sections 713.58 and 329.51. Section 713.58 concerns possessory liens for labor or services on personal property, and is contained in Part II of Chapter 713, “Miscellaneous Liens.” Section 329.51 is a notice statute that applies to liens claimed on an aircraft. See generally Commercial Jet, Inc. v. U.S. Bank, N.A., 45 So.3d 887 (Fla. 3d DCA 2010). Neither section 713.58 nor section 329.51 provides for attorney’s fees.
Advanced contends that the phrase “under this part” as used in section 713.29 is ambiguous, and can be read to include all types of mechanic’s liens contained in the entirety of Chapter 713, rather than just the construction liens provided for in Part I of Chapter 713. We disagree that the statute is ambiguous. Based on the plain language of the statute, the phrase “under this part” clearly limits section 713.29 to Part I, “Construction Liens.” The statute does not say “under this Chapter,” which would mean that section 713.29 applies to all types of liens contained in Chapter 713, including possessory liens on personal property. Additionally, section 713.001, Florida Statutes (2012), entitled “Short title of part” (referring to Part I) states: “This part may be cited as the ‘Construction Lien Law.’ ” This is a clear statement by the legislature that “under this part” as used in section 713.29 is limited to construction liens. Cf. Mashan Contractors, Inc. v. Bailey, 922 So.2d 330, 330 (Fla. 3d DCA 2006) (interpreting section 713.29 as applying to construction liens; “‘In any *492 action brought to enforce a [construction] lien ... under this part [Part I of chapter 713], the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal....’”). Therefore, the trial court erred in finding entitlement to attorney’s fees pursuant to section 713.29, where Advanced did not file its lien under Part I, Chapter 713.
IV. CONCLUSION
Accordingly, for the reasons stated, we reverse the order on appeal awarding Advanced attorney’s fees in the amount of $30,141.00, and remand with directions to the trial court to vacate the award.
REVERSED AND REMANDED.