DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRUST MORTGAGE, LLC,**
Appellant,

v.

**DINA FERLANTI** and **ANTHONY FERLANTI,**
Appellees.

No. 4D 15-1437

[June 1, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Eli Breger, Senior Judge, Judge; L.T. Case No. 2014CA005887.

Thomas D. Graham, David Freedman, and Jeffrey B. Crockett of Coffey Burlington, P.L., Miami, for appellant.

Andrew M. Schwartz and Christopher Salivar of Andrew M. Schwartz, P.A., Boca Raton, for Appellee Anthony Ferlanti.

FORST, J.

Appellant Trust Mortgage, LLC brought a foreclosure action against Appellees Anthony and Dina Ferlanti. After Anthony Ferlanti prevailed on summary judgment, he moved for sanctions (payment of his attorneys' fees) under section 57.105, Florida Statutes (2015). The trial court granted the motion for sanctions. Appellant argues, and we agree, that the trial court erred in granting the motion for sanctions. Accordingly, we reverse.

## Background

In May 2014, Appellant brought a foreclosure action against Anthony Ferlanti and his wife, as well as several other parties. The suit alleged the wife had executed a note and mortgage payable to Appellant and had defaulted on her obligations thereunder. Attached to the complaint were copies of the note and mortgage, both of which listed only the wife as a borrower/mortgagor and were signed by only the wife. However, the first page of the mortgage has a checked box that states "If checked, refer to the attached Addendum herein, for additional Mortgagors, their signatures

and acknowledgements." No addendum was attached.

Anthony Ferlanti moved for judgment on the pleadings, arguing that although he had an ownership interest in the property, he was entitled to judgment as a matter of law since he was not a signatory to the note or the mortgage. Anthony Ferlanti later moved for final summary judgment on the same basis.

Between his motions for judgment on the pleadings and for summary judgment, Anthony Ferlanti moved for sanctions pursuant to section 57.105(1)(a), Florida Statutes, arguing that the Appellant and/or Appellant's attorney knew or should have known that its claim "was not supported by the material facts necessary to establish the claim." Anthony Ferlanti attached a copy of the "safe harbor" letter he allegedly sent to the Appellant as required by section 57.105(4).

On the day of the summary judgment hearing, Appellant moved to amend its complaint to add two counts seeking to reform the mortgage to reflect Anthony Ferlanti as a party and to create an equitable lien against Anthony Ferlanti's interest. As explained in the motion, "page 1 of the subject mortgage clearly indicates that there are additional mortgagors incorporated in an attached addendum to the mortgage. It is [Appellant]'s reasonable and good faith belief that Anthony Ferlanti, being the Husband of Defendant Dina Ferlanti, is presumably one of the additional mortgagors referenced . . . ."

The trial court entered summary judgment in favor of Anthony Ferlanti and gave Appellant fifteen days to amend its complaint to bring other claims against Anthony Ferlanti. Appellant took no action within this time period, apparently believing its prior motion to amend was sufficient.

The trial court held at least two hearings on the motion for sanctions. Anthony Ferlanti argued sanctions were appropriate as there was no legal theory under which Appellant could prevail against him, while Appellant argued sanctions were premature, as they had not been afforded discovery to seek factual proof of their claims.

After the hearings, but prior to the trial court's ruling on the motion for sanctions, Appellant filed a brief on its motion for leave to amend. Attached to this brief was a "signature addendum to security instrument" that Appellant claims shows Anthony Ferlanti's signature. Problematically, the notary acknowledgement on this page states that the person appearing before the notary was "Dina Ferlanti, a married woman." However, the signature provided is clearly different than the signature

purporting to be Dina Ferlanti's on the mortgage document itself.

Three days later, the trial court entered an order summarily granting sanctions against Appellant, but denying sanctions against Appellant's initial counsel. This appeal followed.

## Analysis

This Court reviews a trial court's order awarding section 57.105 attorneys' fees for an abuse of discretion. *Wapnick v. Veteran's Council of Indian River Cty., Inc.*, 123 So. 3d 622, 624 (Fla. 4th DCA 2013).

Anthony Ferlanti was awarded a sanction of attorneys' fees under section 57.105(1), Fla. Stat. (2014). That section states:

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
> (b) Would not be supported by the application of then-existing law to those material facts.

*Id.* "The [trial] court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law." *Wapnick*, 123 So. 3d at 624 (alteration in original) (quoting *Asinmaz v. Semrau*, 42 So. 3d 955, 957 (Fla. 4th DCA 2010)).

> To award fees under the statute, "the trial court must find that the action was 'frivolous or so devoid of merit both on the facts and the law as to be completely untenable.[']" *Chue v. Lehman,* 21 So.3d 890, 891–92 (Fla. 4th DCA 2009) (quoting *Murphy v. WISU Props., Ltd.,* 895 So.2d 1088, 1093–94 (Fla. 3d DCA 2004)). Moreover, that finding "must be based upon substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise before the court and in the trial court record." *Yakavonis v. Dolphin Petroleum, Inc.,*

> 934 So.2d 615, 618 (Fla. 4th DCA 2006) (quoting *Weatherby Assocs., Inc. v. Ballack,* 783 So.2d 1138, 1141 (Fla. 4th DCA 2001)).

*Id.*

In this case, Anthony Ferlanti was included as a defendant in the foreclosure count, despite no allegations in the complaint that he was a signatory to the mortgage. However, as the Appellant later showed, there was at least some triable set of facts under which Anthony Ferlanti could be liable under the mortgage agreement. The face of the mortgage indicates that there was an additional signature page, and while that page was not attached, its absence does not indicate that a theory based on its existence, with Anthony Ferlanti's signature on it, was "frivolous or so devoid of merit both on the facts and the law as to be completely untenable."

Anthony Ferlanti likens this case to *Country Place Community Ass'n v. JP Morgan Mortgage Acquisition Corp.*, 51 So. 3d 1176 (Fla. 2d DCA 2010). In that case, a lender filed a foreclosure complaint and lost note count. *Id.* at 1177. Attached to the complaint was a note and mortgage showing other entities as the lender/mortgagee. *Id.* In response to discovery, the lender admitted it had no evidence showing it possessed the note/mortgage at the time of filing. *Id.* The defendant moved for summary judgment, arguing a lack of standing. *Id.* The lender failed to present any evidence or affidavits in opposition and summary judgment was granted in favor of the defendant. *Id.* The defendant then moved for fees under section 57.105. *Id.* at 1178. The trial court denied the fee sanction, finding that since the lender later obtained possession of a blank endorsed note showing it had standing to pursue the action, and had already obtained a default judgment against the primary defendant in the case, the lender had a viable cause of action. *Id.* The Second DCA reversed, holding that under the new version of section 57.105 (effective 1999), the lower standard for sanctions allowed for sanctions on individual unsupportable claims or defenses, regardless of whether the party might prevail in a new action, and that the lender's complaint was unsupported by the necessary material facts since it lacked standing at the inception of the suit. *Id.* at 1180-81.

*Country Place* is distinguishable from the case at hand. In *Country Place,* the plaintiff knew that there was no factual support for its claim and admitted as much in response to interrogatories. Here, on the other hand, Appellant had an objectively reasonable belief, based on the checked box on the mortgage instrument, that Anthony Ferlanti may have been a

proper defendant in this case. Therefore, neither "the party [n]or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law" at the time the complaint was filed. *Wapnick,* 123 So. 3d at 624 (quoting *Asinmaz,* 42 So. 3d at 956).

Appellant's lack of concrete proof of that fact at the time of filing does not mean its complaint was frivolous. A party does not need to have conclusive evidence to prove its case at the time of filing in order to avoid sanctions. Instead, like here, where the party reasonably believes the factual basis for its claim exists, it is entitled to proceed with its claims and seek to prove those facts. If attempts to prove those facts are fruitless, that is still not cause for sanctions where the party's initial belief was well-founded. It is only in circumstances like *Country Place* where the party knew or should have known at the time of filing that the material facts were nonexistent that a claim is truly frivolous and worthy of sanctions.

## Conclusion

For the reasons set forth above, the trial court erred by granting Anthony Ferlanti's motion for sanctions under section 57.105. We therefore reverse.

*Reversed.*

WARNER and CONNER, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***