# Third District Court of Appeal

## State of Florida

Opinion filed August 8, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-0961
Lower Tribunal No. 14-1031
_____

**MC Liberty Express, Inc., and P.S. Trucking, Inc.,**
Appellants,

vs.

**All Points Services, Inc., Julio Martinez, and Maria Isabel Martinez,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Garcia-Menocal Irias & Pastori LLP, and Jorge Garcia-Menocal, for appellants.

O'Brien & Solomon, LLP, and Alice E. Solomon (Fort Lauderdale), for appellees.

Before ROTHENBERG, C.J., and SUAREZ and LUCK, JJ.

ROTHENBERG, C.J.

## INTRODUCTION

The plaintiffs below, MC Liberty Express, Inc. ("MC Liberty") and P.S. Trucking, Inc. (collectively, "the appellants"), appeal two orders awarding the defendants below, All Points Services, Inc. ("APS"), Julio Martinez, and Maria Isabel Martinez (collectively "the appellees"), attorney's fees and costs under section 57.105, Florida Statutes (2015). For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

The appellants sued the appellees alleging breach of an oral contract, conspiracy, fraud, unjust enrichment, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), sections 501.201-213, Florida Statutes. The allegations stem from two contractual agreements for the transportation of goods.

Pursuant to the agreements, APS served as a broker between various shippers and truckers for the delivery of goods. Upon written confirmation by the shippers, reflecting the agreed upon rate, APS would relay that information to the appellants and arrange for the appellants to pick up and transport the goods. APS billed the shippers directly, the shippers submitted the invoiced amounts to APS, and in exchange for its services, APS was to receive a 10% broker's fee based on the gross rate that it charged the shippers.

The complaint alleges that the appellees, however, engaged in a scheme to defraud the appellants by altering its invoices to reflect lower shipping charges

than what they had actually charged the shippers. As a result, the appellants contend that they were receiving a lower share of the shipping costs charged and collected than what they were entitled to receive.

The alleged fraudulent billing by APS was discovered after the appellants had filed an insurance claim in connection with a damaged shipment. Specifically, the appellants allege that when they were told that their insurance claim was going to be denied because they had not provided the insurer with the shipment's written confirmation, they requested the necessary documents from Jorge Betancourt, a dispatcher with APS. It was at that point that the appellants learned of the appellees' fraudulent billing practices from Mr. Betancourt, who then provided the appellants with the altered invoices. Thereafter, the appellants filed suit against the appellees.

On February 5, 2014, in response to the complaint, the appellees filed a motion to dismiss claiming that the complaint failed to state a claim. The motion to dismiss was denied and the appellees were ordered to file an answer. On March 23, 2015, counsel for appellants, Jorge L. Fors, moved to withdraw, the motion was granted on April 15, 2015, and Amy Lee Burkich filed a notice of appearance as counsel for the appellants.

On August 21, 2015, counsel for the appellees sent attorney Burkich a *proposed* motion for sanctions, along with a "safe harbor" letter, pursuant to

3

section 57.105. The letter informed the appellants and attorney Burkich that the lawsuit should be dismissed because: (1) the claims relating to the transportation of goods in the United States are governed by federal law, and were, therefore, subject to preemption; (2) most of the claims alleged were time-barred; and (3) the Martinezes were improperly named as parties.

Three days later, attorney Burkich filed an emergency motion for leave to withdraw as counsel, citing both medical reasons and irreconcilable differences with the appellants. The motion was granted on September 2, 2015, and the appellants were given thirty days to retain new counsel. On October 1, 2015, Tomas Pastori, of Garcia-Menocal, Irias and Pastori LLP ("the GMIP law firm"), entered a limited appearance on behalf of the appellants and immediately moved for an extension of time to review the file and determine whether the GMIP law firm would represent the appellants.

Jorge Garcia-Menocal ("Garcia-Menocal") and the GMIP law firm entered a formal appearance on behalf of the appellants on October 14, 2015. On December 1, 2015, the appellees filed a motion for sanctions against the appellants, Garcia-Menocal, and the GMIP law firm, and a motion for summary judgment. The motion for summary judgment argued, among other things, that the claims at issue were either preempted and/or time-barred under various federal statutes governing interstate trucking and transportation of cargo by motor carriers in the United

4

States.  See e.g., 49 U.S.C. § 13501 (establishing general federal jurisdiction over the transportation of passengers and property by motor carriers, as well as the procurement of that transportation); see also 49 U.S.C. § 14501 (forbidding states from enacting or enforcing laws related to the pricing, routes, or services of any motor carrier); 49 U.S.C. § 14705 (limiting actions by and against carriers).  In addition, the appellees argued that the remaining claims failed to meet the circuit court's jurisdictional requirements.

The trial court conducted a hearing on the appellees' motion for summary judgment, granted the motion, and entered a written order on June 23, 2016.  The trial court's written order made the following findings:

> IT IS ADJUDGED that Plaintiffs' claims are preempted by federal law, and further, Plaintiffs did not raise any issues of material fact in their *Response in Opposition to Defendants' Motion for Final Summary Judgment*, and therefore Defendants' *Motion for Final Summary Judgment* is GRANTED. Plaintiffs, MC LIBERTY EXPRESS, INC., and P.S. TRUCKING, INC., take nothing by this action and that Defendants, [APS], JULIO MARTINEZ and MARIA ISABEL MARTINEZ, shall go hence without day.

No other substantive findings were made.

The record reflects that after granting the appellees' motion for summary judgment, the trial court declined to rule on the appellees' motion for sanctions, electing, instead, to order both sides to meet and attempt to resolve the motion. The parties were, however, unable to reach an agreement, and thereafter the

5

appellees' section 57.105 motion for sanctions against the appellants, Garcia-Menocal, and the GMIP law firm was noticed for a hearing.

The trial court conducted a hearing and issued two orders granting the appellees' motion for section 57.105 sanctions against the appellants, Garcia-Menocal, and the GMIP law firm.[1]   This appeal followed.

**ISSUES ON APPEAL**

The appellants contend that the trial court abused its discretion by awarding attorney's fees to the appellees because:  (1) the trial court made no factual findings as to whether the sanctions motion the trial court proceeded under was served upon the appellants, Garcia-Menocal and GMIP; (2) the trial court made no specific findings as to the requisite factors articulated by the Florida Supreme Court in Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985) (holding that in determining reasonable attorney's fees, Florida courts should utilize the criteria set forth in Disciplinary Rule 2-106(b) of the Florida Bar Code of Professional Regulation) when imposing section 57.105 fees as a sanction, id. at 1150; (3) the trial court made no explicit finding that there was a complete

---

[1] The initial brief and the notice of appeal indicate that the appellants are appealing two trial court orders entered on March 29, 2017.  Although the record contains two orders, the two orders are identical and appear to be duplicates.  Both are captioned, "Order Granting Defendants' Motion for Costs and Attorneys' Fees and Defendants' Motion for Sanctions," and order the appellants, Garcia-Menocal and the GMIP law firm to pay the appellees' attorney's fees in the amount of $28,350.00 and costs in the amount of $605 within fourteen days of the entry of the order.  No other findings of fact or law are contained therein.

6

absence of justiciable issues of law or fact raised in the complaint or that the appellants' claims or defenses were unsupported; (4) the appellants' claims were supported both factually and by the application of then-existing law; and (5) the trial court failed to apportion the fee award as required by section 57.105.

## STANDARD OF REVIEW

The parties agree that a trial court's order awarding or denying attorney's fees

under section 57.105 is reviewed for an abuse of discretion. See Trust Mortg., LLC v. Ferlanti, 193 So. 3d 997, 999 (Fla. 4th DCA 2016). As explained by the Florida Supreme Court in Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980):

> Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

Id. (quoting Delno v. Mkt. St. Ry. Co., 124 F.2d 965, 967 (9th Cir. 1942)).

## ANALYSIS

Section 57.105(1) provides as follows:

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the

losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.

In addressing the statute's procedural requirements, subsection (4) mandates as follows:

A motion by a party seeking sanctions under this section *must* be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

(emphasis added).

"The purpose of section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities." Whitten v. Progressive Ins. Co., 410 So. 2d 501, 505 (Fla. 1982). Historically, a court could award attorney's fees under section 57.105 only where there was a "complete absence of a justiciable issue of either law or fact." Bridgestone-Firestone, Inc. v. Herron, 828 So. 2d 414, 417 (Fla. 1st DCA 2002) (quoting § 57.105, Fla. Stat. (1997)); see also Muckenfuss v. Deltona Corp., 508 So. 2d 340, 341 (Fla. 1987). However, in an effort to reduce frivolous litigation, the

8

Legislature revised section 57.105 as a part of the 1999 Tort Reform Act. Bridgestone-Firestone, 828 So. 2d at 417 (citing Ch. 99–225, § 4, Laws of Fla.).

The new version of the statute broadens remedies that were previously available. Wendy's of N.E. Fla. v. Vandergriff, 865 So. 2d 520, 523 (Fla. 1st DCA 2003). Unlike its predecessor, the amended statute no longer requires a party to show a complete absence of a justiciable issue of fact, but instead allows recovery of fees for any claims or defenses that are unsupported. Bridgestone-Firestone, 828 So. 2d at 417-18.

Notwithstanding these amendments, Florida courts have continued to caution that section 57.105 must be carefully applied to ensure that it serves the purpose for which it was intended – to deter frivolous pleadings. Id. at 419; see also Mullins v. Kennelly, 847 So. 2d 1151, 1154 (Fla. 5th DCA 2003). Thus, an award of fees under section 57.105 requires more than the moving party succeeding in obtaining a dismissal of the action or the entry of a summary judgment in its favor, id.; see also Bowen v. Brewer, 936 So. 2d 757, 762 (Fla. 2d DCA 2006), and a party does not need to have conclusive evidence to prove its case at the time of filing in order to avoid sanctions. Ferlanti, 193 So. 3d at 1001. Where a party reasonably believes the factual basis for its claim exists, it is entitled to proceed with its claims and seek to prove those facts. Id. If attempts to prove

9

those facts are fruitless, that is still not cause for sanctions where the party's initial belief was well-founded. Id.

## A. **Failure to Make the Requisite Findings**

Nothing in the amendments or the subsequent case law suggest the trial court may award section 57.105 attorney's fees without first making explicit findings. The law is clear, in order to grant such fees, "the trial court *must* find that the action was 'frivolous or so devoid of merit both on the facts and the law as to be completely untenable.[']" Ferlanti, 193 So. 3d at 1000 (quoting Chue v. Lehman, 21 So. 3d 890, 891-92 (Fla. 4th DCA 2009)) (emphasis added); see also Vasquez v. Provincial S., Inc., 795 So. 2d 216, 218 (Fla. 4th DCA 2001) (reversing an award of attorney's fees under section 57.105 where the trial court failed to make specific findings that the claim was frivolous and completely untenable). This burden is a heavy one. Pappalardo v. Richfield Hosp. Servs, Inc., 790 So. 2d 1226, 1228 (Fla. 4th DCA 2001). Additionally, the trial court's findings must be based on substantial competent evidence that is either contained in the record or is otherwise before the court. Yakavonis v. Dolphin Petroleum, Inc., 934 So. 2d 615, 618 (Fla. 4th DCA 2006).

The trial court failed to make the requisite findings in this case. No such findings are contained in the trial court record, no such findings are found in the trial court's order, and the appellees' brief is notably silent on this issue.

10

Factual findings by the trial court are not only statutorily required, they are especially necessary in this case because there is record evidence that the appellants, Garcia-Menocal, and the GMIP law firm acted upon a good-faith belief that there existed a factual basis for the appellants' claims. The appellants claim that there was an oral contract between the parties, as well as a scheme by the appellees to defraud the appellants. The sworn affidavits of the appellants' principals, Christine Ann Smolt[2] and Pedro Antonio Santana,[3] as well as that of appellees' own former employee, Jorge Betancourt, appear to support these claims.

The record also suggests that the appellants, Garcia-Menocal, and the GMIP law firm's arguments regarding the inapplicability of federal law in the instant case was not frivolous. APS's status as a broker was in question, which, in turn, called into question the applicability of the federal statutes relating to brokers for the transportation of goods by a motor carrier. The appellants and their counsel relied on a Federal Motor Carrier Safety Administration printout showing that APS had not been a licensed broker since October 2006, and based on this evidence, argued that federal preemption, *vis-a-vis* the federal statutes governing claims against brokers and the corresponding federal statutes of limitations, did not apply.

Although the trial court granted the appellees' motion for summary judgment after concluding that the appellants' claims were preempted by federal

[2] Smolt is the President and Director of MC Liberty.
[3] Santana is the President and Director of P.S. Trucking, Inc.

law, the trial court's summary judgment order made no finding that appellants' position was frivolous, nor did it make such a finding in its orders granting the appellees' motion for sanctions. Losing on summary judgment alone, as previously discussed, does not conclusively prove a section 57.105 claim. If that were the case every summary judgment would be followed by a section 57.105 motion. Bowen, 936 So. 2d at 762.

## B. Apportionment Under Section 57.105(1)

The appellants contend that the trial court also erred by failing to apportion the fee award as required by the statute. The appellees' answer brief is silent on this issue. Section 57.105(1) requires apportionment of fee awards "to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney . . . ." Here, the trial court's orders appear to improperly impose "joint and several liability" for the full amount upon the appellants, Garcia-Menocal, and the GMIP law firm. Specifically, the orders state:

> Plaintiffs and/or Plaintiffs' attorneys Garcia-Menocal, Irias & Pastori LLP shall pay fees in the amount of $28,350.00 and costs in the amount of $605.80 within 14 days of the entry of this Order.

Accordingly, reversal is likewise warranted on this issue.

## C. Failure to Establish Proper Notice

Section 57.105 provides specific notice requirements that must be satisfied prior to imposing sanctions. It is undisputed that the appellants, Garcia-Menocal,

and the GMIP law firm were not served with the December 1, 2015 motion for sanctions with the requisite twenty-one day safe harbor period prior to the filing of the motion for sanctions with the trial court. Statutes authorizing awards of attorney's fees are considered a derogation of the common law rule providing that each side bear its own fees. See Anchor Towing, Inc. v. Fla. Dep't of Transp., 10 So. 3d 670, 672 (Fla. 3d DCA 2009); see also Montgomery v. Larmoyeux, 14 So. 3d 1067, 1072 (Fla. 4th DCA 2009). Thus, the statute awarding attorney's fees must be strictly construed. Nathan v. Bates, 998 So. 2d 1178, 1179 (citing Kittel v. Kittel, 210 So. 2d 1, 3 n.7 (Fla. 1968)).

The primary purpose of section 57.105's safe harbor provision is to provide the recipient of the motion with notice and the opportunity to withdraw or abandon a frivolous claim before sanctions are sought. HFC Collection Ctr., Inc. v. Alexander, 190 So. 3d 1114, 1119 (Fla. 5th DCA 2016) (citing Maxwell Bldg. Corp. v. Euro Concepts, LLC, 874 So. 2d 709, 711 (Fla. 4th DCA 2004)). Thus, in order to have properly complied with section 57.105, the appellees must have first served the proposed motion upon the party it sought to sanction in this case—the appellants, Garcia-Menocal, and the GMIP law firm.

The record reflects that the appellees' first proposed motion for sanctions, dated December 1, 2015, against the appellants, attorney Burkich, and her law firm was never *filed*. The appellees, however, served the proposed motion upon

attorney Burkich, as required by the safe harbor provision. The second motion for section 57.105 sanctions against the appellants, Garcia-Menocal, and the GMIP law firm *was* filed with the trial court. However, there is no record evidence that suggests that this proposed motion for sanctions was ever *served*, as required by the statute, on the appellants, Garcia-Menocal, or the GMIP law firm. The safe harbor letter addressed to attorney Burkich dated August 21, 2015, that corresponds with the December 1, 2015 proposed motion for sanctions, is addressed *only* to attorney Burkich. Neither the appellants, nor Garcia-Menocal or the GMIP law firm, were listed as recipients, and neither were copied on the letter.

Although the record reflects that Mr. Pastori of the GMIP law firm may have seen the letter that was sent to attorney Burkich while conducting his initial review of the file, section 57.105 is in derogation of common law and must be strictly construed, see Anchor Towing, Inc. v. Fla. Dep't of Transp., 10 So. 3d 670 (Fla. 3d DCA 2009), and this Court in Global Xtreme, Inc. v. Advanced Aircraft Ctr., 122 So. 3d 487 (Fla. 3d DCA 2013), held that the service of a letter, alone, does not meet the mandatory notice requirements of section 57.105(4). See also Nathan v. Bates, 998 So. 2d 1178 (Fla. 3d DCA 2008) (holding that the statute clearly provides for the service of a motion, not a letter).

In Anchor, we held that providing actual notice, by way of a letter, was insufficient to comport with the statutory requirement that a proposed *motion* be

served twenty-one days prior to it being filed with the court. Anchor, 10 So. 3d at 672 (emphasis added). The Anchor case, while not entirely factually parallel to this case, is certainly instructive. There, Anchor Towing, Inc. ("Anchor"), the unsuccessful bidder on a roadside assistance contract, sought review of an administrative law judge's award of attorney's fees to the successful bidder, Sunshine Towing, Inc. ("Sunshine"). Sunshine's counsel had sent a detailed letter to Anchor's counsel threatening section 57.105 sanctions if Anchor did not withdraw certain objections raised in Anchor's bid protest. No proposed motion for sanctions was attached. Following a hearing, the administrative law judge found that the letter complied with section 57.105(4)'s mandatory notice requirement. On appeal, this Court held that "the letter sent to opposing counsel [was] not the same as the statutorily required motion, which is required to be *served* on opposing counsel and *later filed* with the court." Id. (citing Nathan v. Bates, 997 So. 2d 1178, 1179 (Fla. 3d DCA 2008)) (emphasis added).

Consistent with the language in section 57.105(4), as interpreted by this Court in Anchor, the appellees were required to strictly follow the statute's procedural steps as to the appellants, as well as Garcia-Menocal and the GMIP law firm. Thus, the appellants contend that the trial court erred by failing to determine whether the appellees had complied with the section 57.105 notice requirements prior to imposing sanctions. We reject this argument because the first time the

issue of whether the appellees had satisfied the mandatory notice requirement was raised was in the appellants' emergency motion for rehearing, but before the trial court could rule on the emergency motion for rehearing, the appellants filed their notice of appeal, thereby divesting the trial court of jurisdiction to rule on the emergency motion for rehearing.

## **CONCLUSION**

We reverse the trial court's order awarding section 57.105 attorney's fees and costs in favor of the appellees because the trial court failed to make the requisite findings in its order or to apportion the fees and costs as required. Upon remand, the trial court may consider the issue of notice raised by the appellants in their emergency motion for rehearing.

Reversed and remanded.