# Third District Court of Appeal

## State of Florida

Opinion filed May 17, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-1733, 3D21-1782
Lower Tribunal No. 17-13336
_____

**Lawrence J. Shapiro, Esq., et al.,**
Appellants/Cross-Appellees,

vs.

**WPLG, LLC, et al.,**
Appellees/Cross-Appellants,

Appeals from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Andrew M. Kassier, P.A., and Andrew M. Kassier; Lawrence J. Shapiro & Associates, P.A., and Lawrence J. Shapiro, for appellants/cross-appellees.

Thomas & LoCicero, and Karen Williams Kammer (Fort Lauderdale), for appellees/cross-appellants.

Before FERNANDEZ, C.J., and HENDON and GORDO, JJ.

FERNANDEZ, C.J.

Eric Readon and Andrew Kassier, Esq. appeal the trial court's order denying their motion for rehearing of the order granting WPLG, LLC's , et al., (collectively, "WPLG") motions for sanctions. WPLG separately appeals the rehearing order granting rehearing as to Lawrence Shapiro, Esq. The appeals were consolidated for all purposes. We affirm the rehearing order in part as to Readon and Kassier's responsibility to pay fees without further discussion and reverse in part and remand as to Shapiro with instructions to reinstate Shapiro's responsibility to pay fees.

During the course of the underlying litigation, WPLG served two motions for sanctions against plaintiff Readon and his attorney, Kassier, for bringing and continuing to prosecute a defamation action against WPLG, which lacked factual or legal support.[1] After the trial court entered final judgment in favor of WPLG, WPLG filed its motion for attorney's fees asking the trial court to assess fees pursuant to section 57.105, Florida Statutes (2020), 50 percent against Readon and 50 percent against his three attorneys (Kassier, Shapiro, and Brumfield), jointly and severally. All three attorneys were properly served.

---

[1] At the time, Kassier was Readon's sole attorney. Attorney Shapiro was added as co-counsel just before the third amended complaint was filed. Attorney Eric Brumfield also appeared as co-counsel towards the end of litigation.

2

On August 25, 2020, Judge Bokor, as trial judge, held an evidentiary hearing on the motion and entered an extensive 12-page-order granting WPLG entitlement to fees, 50% to be paid by Readon's three attorneys, jointly and severally, and 50% to be paid by Readon himself. Due to Judge Bokor's appointment to this Court, a successor judge entered final judgment awarding fees to WPLG in the amount of $73,372.29, apportioned as Judge Bokor instructed. Readon and her attorneys moved for rehearing.

On rehearing, the successor judge affirmed the entitlement order as to Readon and two of his attorneys, Kassier and Brumfield, but determined that the entitlement order was wrongly decided as to Shapiro. The trial judge reasoned that Shapiro should not be required to pay sanctions as Shapiro's signature did not appear on any of the three amended complaints, and Shapiro represented Readon in a limited capacity. In a footnote, the successor judge added that Shapiro was not directly served with the two motions for sanctions, as Shapiro did not come into the case until later. However, the trial court prefaced this by stating that the finding was not dispositive.

Readon and Kassier appealed the rehearing order disputing WPLG's entitlement to fees.[2] WPLG filed a separate appeal contesting the removal of Shapiro from the entitlement order. The two appeals were consolidated for all purposes.

"[A] trial court's order awarding or denying attorney's fees under section 57.105 is reviewed for an abuse of discretion." MC Liberty Express, Inc. v. All Points Servs, Inc., 252 So. 3d 397, 402 (Fla. 3d DCA 2018). "[T]o the extent a trial court's order on fees is based on an issue of law, this court applies a de novo review." Lago v. Kame By Design, LLC, 120 So. 3d 73, 74 (Fla. 4th DCA 2013).

When Shapiro filed his notice of appearance on February 4, 2019, he requested that he receive "copies of all notices and pleadings." Shapiro in no way limited his representation of Readon. When the third amended complaint was filed on April 23, 2019, Shapiro had been co-counsel of record for almost three months. Judge Bokor determined that the third amended complaint had not been filed in good faith. Therefore, the issue of whether Shapiro's name was on the complaint or the amount of time Shapiro participated in this case is irrelevant in light of Shapiro's status as co-counsel

---

[2] Brumfield neither participated in any proceedings below relevant to the issues on appeal, nor did he file a notice of appeal.

4

of record when the third amended complaint was filed. Judge Bokor's 12-page-order reflects these findings.

The successor judge's reliance on Airan2 v. Cadence Bank, N.A., 85 So. 3d 506 (Fla. 2d DCA 2012), was in error. In Airian2, the party failed to identify the attorney in the motion for attorney's fees and failed to serve the attorney with the motion. As Judge Bokor found, Airan2 is distinguishable as Shapiro was named in the motion for attorney's fees and was served with the motion as evidenced by the certificate of service.

The successor judge stated that Shapiro was not served with the original motions for sanctions "even though the motion was properly served on prior counsel and available for Mr. Shapiro to review." This finding is in a footnote in which the successor judge stated the issue was "not dispositive." Even so, Judge Bokor found that Kassier, Readon's only counsel at the time, was properly served with the safe harbor letter and continued to file motions after the 21-day period. "Section 57.105(4) does not require a safe-harbor for each amendment to a complaint when . . . the claims for which the 57.105 fees are sought remain in the amendment." Montgomery v. Larmoyeux, 14 So. 3d 1067, 1072 (Fla. 4th DCA 2009).

Lastly, Judge Bokor distinguished MC Liberty Express, Inc., 252 So. 3d 397, upon which the successor judge relied. Upon our review of MC

5

Liberty, Judge Bokor's assessment of MC Liberty is correct as the new attorneys had come into the case *before* the sanctions motion was filed. In the present case, Shapiro came into the case *afterward*. Therefore, Shapiro was on notice of the motions for sanctions and was later named in and served with the motion for attorney's fees.

Accordingly, we affirm the motion for rehearing in part as to Readon and Kassier's responsibility to pay fees and reverse in part and remand with instructions to reinstate Shapiro's responsibility to pay fees.[3]

Affirmed in part; reversed in part and remanded with instructions.

---

[3] We affirm Judge Bokor's apportionment of fees.