# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0385
Lower Tribunal No. 20-11570-CA-01
_____

**Mark W. Rickard, P.A., etc.,**
Appellant,

vs.

**Ferrari Financial Services, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Law Guard, and Mark W. Rickard (Plantation), for appellant.

Saul Ewing LLP, and Carmen Contreras-Martinez and Alexandra Spaw, for appellees.

Before SCALES, C.J., and LINDSEY and LOBREE, JJ.

PER CURIAM.

Appellant Mark W. Rickard, P.A. appeals the trial court's February 27, 2025 order denying its motion, filed pursuant to section 57.105 of the Florida Statutes, seeking attorney's fees as a sanction against opposing counsel, appellee Saul Ewing LLP.[1] Appellant argues that section 57.105 sanctions are appropriate in this case because Saul Ewing LLP knew or should have known that its client Ferrari's claim to surplus proceeds from a foreclosure sale lacked merit. By granting Ferrari's motion to intervene in the underlying foreclosure action for the limited purpose of pursuing surplus funds, however, the trial court implicitly found some potential merit to Ferrari's claim. Thus, it would have been incongruous for the trial court both to have granted Ferrari's intervention motion and to have found that Ferrari did not have a good faith basis for its claim. See MC Liberty Express, Inc. v. All Points Servs., Inc., 252 So. 3d 397, 403 (Fla. 3d DCA 2018) ("Where a party reasonably believes the factual basis for its claim exists, it is entitled to proceed with its claims and seek to prove those facts. If attempts to prove

---

[1] Appellees in this case are Saul Ewing LLP and two of the firm's attorneys, as well as Saul Ewing LLP's client, Ferrari Financial Services, Inc. ("Ferrari"), although Appellant did not move for a section 57.105 sanction against Ferrari. Appellant also named as appellees parties from an underlying foreclosure case – Great Ocean Properties, LLC and Sergey Slastikhin – though they play no part in this appeal.

those facts are fruitless, that is still not cause for sanctions where the party's initial belief was well-founded." (citation omitted)).

The trial court did not abuse its discretion by denying Appellant's section 57.105 motion. Id. at 402 ("[A] trial court's order awarding or denying attorney's fees under section 57.105 is reviewed for an abuse of discretion.").

Affirmed.